PETER C. BROWN, ESQ.
Nevada State Bar No. 5887
PRESCOTT T. JONES, ESQ.
Nevada State Bar No. 11617
BREMER WHYTE BROWN & O'MEARA LLP
7670 WEST LAKE MEAD BOULEVARD
SUITE 225
LAS VEGAS, NV 89128
TELEPHONE: (702) 258-6665
FACSIMILE: (702) 258-6662
pbrown@bremerandwhyte.com
pjones@bremerandwhyte.com

Attorneys for Defendant,
UPONOR INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAMPLIGHT SQUARE AT GREEN VALLEY HOMEOWNERS' ASSOCIATION, a Nevada nonprofit corporation; and DOE HOMEOWNERS 1 through 200, <br><br> Plaintiffs, <br><br> v. <br><br> GREYSTONE NEVADA LLC., a Delaware limited liability company doing business in Nevada; UPONOR CORPORATION, a Finnish corporation; UPONOR GROUP, a Finnish corporation; UPONOR, INC., an Illinois corporation; WIRSBO COMPANY, an Illinois company; UPONOR WIRSBO COMPANY, an Illinois company; DOE INDIVIDUALS 1-200; and ROE BUSINESS or GOVERNMENTAL ENTITIES 1-200, <br><br> Defendants. | Case No. 2:12-cv-0002 <br><br> (ELECTRONIC FILING CASE) <br><br> **DEFENDANT UPONOR, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY** |

Defendant UPONOR, INC (hereinafter "UPONOR"), by and through its attorney Peter C. Brown, Esq. of BREMER WHYTE BROWN & O'MEARA, LLC., for its Memorandum Submitted in Support of its Motion to Stay state as follows:

1.   On December 1, 2011, Plaintiffs filed their original Complaint in Nevada District Court against UPONOR, among others, seeking to set forth multiple causes of action, including products liability, strict liability and negligence claims, relating to "yellow brass" plumbing fittings

BREMER WHYTE BROWN & O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258 6665

H:1226.050 CF Motion to Stay-Memo of Law.doc

used in potable water plumbing systems. More recently, on January 3, 2012, Developer Greystone Nevada LLC filed a Petition for Removal to this Court. A copy of the Complaint is attached hereto as Exhibit "A".

2. The Complaint contains allegations relating to purportedly "defective" potable water plumbing systems. See paragraph 9 of Exhibit "A". The Complaint specifically makes reference to "dezincification" of brass fittings used in the plumbing system, as well as allegations regarding the materials from which the fittings are manufactured. See for example paragraph 19 of Exhibit "A".

3. On October 27, 2011, the Honorable Judge Robert C. Jones entered an Order consolidating several similar lawsuits involving "yellow brass" plumbing fittings and staying the proceedings in those cases pending a ruling by the 9th Circuit Court of Appeals on several issues raised in a similar, previously filed brass fitting case which Judge Jones had dismissed with prejudice. A copy of Judge Jones' October 27, 2011 Order staying the brass fittings cases is attached hereto as Exhibit "B".

4. A Motion for Transfer and Consolidation has been filed with the United States Judicial Panel on Multidistrict Litigation by a group of Las Vegas, Nevada attorneys who are plaintiffs' counsel in 5 of 13 cases identified on the Schedule of Cases attached to that Motion as involving the same brass plumbing fitting issues as raised in this case. Those same attorneys identify themselves as defense counsel in an additional 3 of the 13 listed cases. UPONOR has been named as a defendant in 8 of the 13 matters identified in the Motion to Transfer. The attorneys who have initiated the MDL proceedings state that 10 of the 13 cases listed in the MDL pleadings are located in the United States District Court for the District of Nevada and the MDL movants have requested transfer and consolidation of the 13 scheduled cases into one consolidated matter for purposes of pre-trial activities in the United States District Court for the District of Nevada. A copy of the MDL Motion to Transfer filed November 10, 2011, including the Schedule of Cases, is attached hereto as Exhibit "C". While the instant suit is not listed on the Schedule of Cases submitted as part of the Motion for Transfer, UPONOR expects that if the Motion for Transfer is granted this case will be included in the transfer Order entered by the MDL panel.

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6665

2

H:1226\050 CF Motion to Stay-Memo of Law.doc

5. Given the recent filing of the Petition for Removal in this matter and the early stage of this litigation, written discovery remains to be initiated, with no expert discovery having proceeded. Furthermore, while UPONOR has appeared, no investigation into the claims of Plaintiffs has begun and the parties are not yet "at issue". Thus, two separate bases exist for entry of a stay of this case: (1) the October 27, 2011 Order of Judge Jones and (2) the filing of a Motion for Transfer and Consolidation of multiple claims addressing the same issues as are raised in the instant case.

6. It is well settled in the 9th Circuit that when considering a Motion to Stay, in the context of the parties awaiting a ruling by the MDL Panel on a Motion for Transfer and Consolidation, a District Court is to consider three factors: (1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are, in fact, consolidated. <u>Rivers vs. The Walt Disney Company</u>, 980 F. Supp. 1358, (C.D. Cal. 1997) (citing to <u>American Seafood, Inc. vs. Magnolia Processing, Inc., et al.</u>, 1992 WL 102 762 (E.D.Pa. 1992), a copy of which is attached hereto as Exhibit "D"). The principles set forth in <u>Rivers</u> have been relied on by a number of other courts in granting Motions to Stay proceedings in suits pending a ruling by an MDL Panel on a Motion for Transfer. See for example, <u>Palmer vs. American Honda Motor, Co.</u>, 2008 W.L. 54914 (D. Az. 2008), a copy of which is attached hereto as Exhibit "E", <u>Benge vs. Eli Lilly & Company</u>, 553 F.Supp. 2nd 1049 (N.D. In. 2008), and <u>Good vs. Altria Group, Inc.</u>, 624 F.Supp. 2nd 132 (D. Maine 2009).

7. In <u>Rivers</u> the court discussed at length issues regarding the conservation of judicial resources that would occur by avoiding duplicative litigation if the cases were consolidated in the future. Thus, the <u>Rivers</u> court noted that there are essentially two ways in which judicial resources would be conserved by staying a suit pending a ruling on an MDL Motion to Transfer. The first means of conservation arises if a suit that is the subject of a motion to stay is ultimately consolidated as part of an MDL and the court hearing the motion to stay is not assigned as the transferee court. In such a situation the <u>Rivers</u> court noted that it ". . . will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258 6665

3

H:\226 050\CF Motion to Stay-Memo of Law.doc

another judge". The second means by which judicial resources are conserved by granting a motion to stay arises from the fact that ". . . any efforts on behalf of this court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate. . ." the pending case before the court hearing the motion to stay. See, Rivers, supra.

8. The court in Rivers also held that if it denied the motion to stay and ruled upon substantive motions "such as class certification, and then the matter was transferred to another court, there are no guarantees that an order by this court would not later be vacated and this court's investment of time and resources would not have been in vain". See Rivers, supra. Thus the court in Rivers noted that transferee judges ". . . have been known to vacate or modify previous rulings of the transferor judge" and cited to the case of In Re: Exterior Siding and Aluminum Coil Litigation, 538 F.Supp. 45 (D. Minn. 1982) in which a transferee court granted class certification even though a motion for certification had already been denied by the transferor court.

9. The MDL movants seek a transfer of all pending F1960 brass plumbing fitting cases, including several putative class actions, to the United States District Court in Nevada where 10 of those lawsuits are currently pending, and the most mature of those cases is on file. The court in Rivers concluded that it "could go forward" with various issues in the case, including issues related to class certification, ". . . but the time and energy that this court would devote to any rulings it might make regarding certification could be for naught if this action is transferred to another court and that court modifies or vacates any of this court's orders". See Rivers, supra. It has also previously been held that "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case". See Good vs. The Prudential Insurance Company of America, 5 F. Supp. 2nd 804 (N.D. Cal. 1998) and cases cited therein.

10. The various factors to be considered as part of the analysis outlined in Rivers, supra., as well as in other similar cases, all weigh in favor of a stay being entered in this case. In analyzing the three factors outlined above, the first factor is not an impediment to the granting of the Motion to Stay, as there is no prejudice to the non-moving party given the fact that the present case is in its infancy and no scheduling Orders or deadlines are in place at this time. With respect

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6665

4

H:\226\050\CF Motion to Stay-Memo of Law.doc

to the second factor, concerning hardship and inequity to the moving party if the action is not stayed, this factor weighs in favor of the Motion to Stay being granted. Substantial fact and expert discovery remains to be conducted in this case. Although the parties are familiar with the general issues regarding the brass plumbing fittings, Defendants have not, as yet, had an opportunity to inspect the properties, undertake destructive testing of fittings or depose Plaintiffs' expert(s). Nor have the Defendants had an opportunity to conduct discovery with respect to the Plaintiffs named in this action. In fact, the parties are not even "at issue" yet in this suit.

11. Given the fact that similar expert issues can be expected to be involved in all of the cases sought to be encompassed by the MDL involving these Defendants, it is clear that coordination and sequencing of discovery is important and has significant ramifications for this litigation. Thus, if the MDL Panel grants the request for consolidation and transfers all such suits to the Nevada District Court, it is appropriate for the transferee court to preside over issues relating to document production, written and oral fact discovery, expert discovery, as well as class certification where appropriate, as opposed to various of those issues being dealt with in a piecemeal fashion in various pending cases, including in the instant case. UPONOR will be subject to duplicative oral, written and expert discovery, and it is a virtual certainty that several of the same witnesses and documents will be produced in this case as in various of the cases before the MDL Panel which identify UPONOR as a defendant. Any such activity on behalf of UPONOR will result in the parties, and likely this Court as well, expending substantial time and effort in connection with such discovery and possible motion practice with the potential that all such expenditures of time and effort will be for naught if this matter is assigned to the District Court of Nevada as the transferee court as is currently being requested.

12. With respect to the third factor to be considered in connection with such a Motion to Stay, concerning the judicial resources that would be saved by avoiding duplicative litigation if the cases are consolidated, this factor also weighs in favor of the granting of a stay in this case. The cases cited in this Motion, including <u>Rivers</u>, establish that if the MDL Panel grants the Motion to Transfer and the present case is consolidated with other litigation in Nevada, this Court will have needlessly expended its time and energy familiarizing itself with the intricacies of this case which

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd.
Suite 225
Las Vegas, NV 89128
(702) 258-6665

5

H:1226-050 CF Motion to Stay-Memo of Law.doc

may then be heard by Judge Jones who has been handling these F1960 issues since September 2008. Additionally, as in Rivers, any efforts by this Court concerning case management would need to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel consolidates the instant case with other claims in the Nevada District Court. Consequently, there would be a significant expenditure of judicial resources in this Court, which also weighs in favor of a stay being entered.

13. No prejudice will be worked on any party if a stay is entered in the present case pending a ruling by the MDL Panel, nor will a stay of this litigation awaiting that MDL Panel ruling materially delay the progress of this litigation. As noted by the court in Good vs. Prudential Insurance Company, supra., courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case, as the purpose of such transfer is to further judicial economy and to eliminate the potential for conflicting pre-trial rulings. Given the current status of this litigation, including the lack of discovery that has occurred thus far, the fact that similar litigation has been pending in Nevada since mid-2008, and the fact that the parties are not "at issue" yet in this matter, ample support exists for the granting of a stay of the litigation. These factors all establish the hardship and inequity to the moving parties if the action is not stayed and, as previously discussed, there is ample evidence of the likelihood of unnecessary expenditure of judicial resources and duplicative litigation if the present action is ultimately consolidated with other actions that are the subject of the MDL Motion to Transfer.

14. Furthermore, a stay is appropriate in this matter given the related nature of this case to those suits that have been re-assigned to Judge Jones and the fact that Judge Jones has entered a stay in those cases pending a ruling by the 9th Circuit on issues raised in a related brass fitting case.

15. In light of the facts discussed above, the applicable case law concerning motions to stay in the context of a motion to transfer pending before an MDL Panel, and the current posture of this litigation, UPONOR believes that the present Motion to Stay is well founded and appropriate in this case. Given the foregoing, UPONOR requests that this litigation be stayed in its entirety pending a ruling by the 9th Circuit as described by Judge Jones in his October 27, 2011 Order, and

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6665

6

H:\1226.050\CF Motion to Stay-Memo of Law.doc

1  also stayed pending a ruling by the MDL panel on the request for multi-district treatment for the
2  "yellow brass" cases.
3  WHEREFORE, Defendant UPONOR, INC. prays that this Court will grant their Motion to Stay
4  this litigation pending a ruling by the 9th Circuit Court of Appeals as referenced by Judge Robert C.
5  Jones in his Order of October 27, 2011, and pending a ruling by the MDL Panel regarding the
6  requested transfer and consolidation of this matter, as well as granting such other and further relief
7  as the Court may deem appropriate.

9  Dated: January 9, 2012                    BREMER WHYTE BROWN & O'MEARA LLP

10                                           /s/ Peter C. Brown

11                                           By: _____
                                             Peter C. Brown, Esq.
12                                           Nevada State Bar No. 5887
                                             Attorney for Defendant
13                                           UPONOR INC.

BREMER WHYTE BROWN & O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6665

H:\1226\050\CF\Motion to Stay-Memo of Law.doc